UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:                                              CASE NO. 05-12675-BKC-AJC

KIRILL PERCY                                        CHAPTER 7
SSN: XXX-XX-3908,

                  DEBTOR.
_____/

AMERICAN EXPRESS TRAVEL RELATED            ADV. CASE NO. 05-1200-BKC-AJC-A
SERVICES COMPANY, INC.,

                  PLAINTIFF,

vs.

KIRILL PERCY,                                       JAN -3 2006

                  DEFENDANT.
_____/

**AFFIDAVIT OF AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. IN SUPPORT OF FINAL JUDGMENT FOR DEFAULT**

I, Louise Turner, the undersigned, state:

1.      I am the Attorney-In-Fact for the Plaintiff, American Express Travel Related Services Company, Inc. (the "Plaintiff" or "American Express"), a corporation duly incorporated and existing under and by virtue of the laws of the United States, and registered to conduct business in the State of Florida. I am a custodian of the books, records, and files of American Express as those records pertain to bankrupt accounts. The books and records of American Express pertaining to the Accounts of the Defendant herein are under my care, custody and control.

2.      I am qualified and authorized to execute this Affidavit in the capacity so indicated as an act of the Plaintiff.

3. American Express is the holder of a claim against the above-captioned Defendant arising from Business Centurion Card account number XXXX-XXXXXX-X2009 ("Account 1").

4. American Express is the holder of a second claim against the Defendant arising from Business Platinum Card account number XXXX-XXXXXX-X7001 ("Account 2").

5. Attached hereto as Exhibits "A" and "B" and incorporated herein by reference is a photocopy of the account statements for Accounts 1 and 2 prepared by the Plaintiff in the regular course of business. These account statements were created from transactions reported to the Plaintiff at the time debits and credits were submitted to the Plaintiff by establishments, and/or when payments were received from the cardholder. Photocopies of these account statements were also attached to the Complaint as Exhibits "A" and "B."

6. Attached hereto as Exhibits "C" and "D" and incorporated herein by reference is a photocopy of the applicable account agreements for Accounts 1 and 2 between the Defendant and American Express that were sent to the Defendant, along with his Cards, upon the opening of each account. These agreements contained the terms and conditions governing the Defendant's usage of the accounts. Each agreement included a provision that calls for payment of reasonable attorneys' fees and costs expended by American Express in the collection of Accounts 1 and 2.

7. On April 6, 2005, the Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

## COUNT I

8. Paragraphs 1 through 7 are hereby repeated and incorporated.

9. The Defendant opened Account 1 in November of 1999 in connection with "Serken Billing."

10. The balance of Account 1 as of the date of the filing of the Chapter 7 petition was $38,927.47.

11. Between June 29, 2004 and July 30, 2004, the Debtor made fifteen (15) charges totaling $33,199.92 for luxury goods and services on Account 1.

12. The transactions referenced in paragraph 11 include four (4) charges totaling $25,000.00 at Paradise Sound for "Goods/Services."

13. The Defendant made multiple, large charges on the same day.

14. The terms and conditions of the account agreement for Account 1 between the Defendant and American Express call for payment in full of the charges due on Account 1 upon receipt of the monthly billing statements.

15. The Defendant made one payment in the amount $23,231.00, which was applied to the previous balance on Account 1.

16. Therefore, after incurring the charges referenced in paragraph 11, the Defendant failed to remit a single payment towards these new charges.

17. Between July 2, 2004 and the date the petition was filed, four (4) credits totaling $2,295.51 were applied to Account 1.

18. Between September 29, 2004 and the date the petition was filed, delinquency charges and late fees totaling $6,318.32 were applied to Account 1 due to non-payment.

19. When the Defendant made the charges on Account 1, he made a representation to American Express as to his intent to repay the debt in accordance with the terms and conditions of the account agreement.

20. The Defendant's schedules and Statement of Financial Affairs reflect insufficient income and assets from which he reasonably could have expected to repay American Express.

21. According to Schedule F, "Creditors Holding Unsecured Nonpriority Claims," filed with the Court, the Defendant has unsecured, nonpriority debt totaling $76,051.66, which does not include the amounts owed to American Express.

3

22. According to Schedule I, "Current Income of Individual Debtor(s)," filed with the Court, the Defendant reports the he has no monthly income.

23. According to Schedule J, "Current Expenditures of Individual Debtor(s)," filed with the Court, the Defendant has current monthly expenses of $305.00, exclusive of payments required to service his credit/charge card debt. The Debtor's monthly expenses include $100.00 for "Recreation, clubs and entertainment, newspaper, magazines, etc."

24. The Defendant obtained the luxury goods and services through representations which he either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentations.

25. The Defendant lacked the subjective intent to repay American Express.

26. The Defendant incurred $37,222.73 of the balance of the Account 1 with the knowledge of his inability to repay the debt.

27. The Defendant made the false representations with the intention and purpose of deceiving American Express so that American Express would extend credit.

28. American Express justifiably relied on the Defendant's false representations. Prior to the account activity at issue on Account 1, he was a Cardmember in good standing based upon his previous payment history and compliance with all terms and conditions of the account agreement.

29. As the proximate result of extending credit based on the Defendant's false representations, American Express has sustained loss and damage in the amount of $37,222.73 on Account 1.

30. The Defendant incurred $37,222.73 of the balance of Account 1 through false pretenses, a false representation, or actual fraud.

31. For the foregoing reasons, $37,222.73 of the balance of Account 1 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

## COUNT II

32. Paragraphs 1 through 31 are hereby repeated and incorporated.

33. The Defendant opened Account 2 in April, 2000 in connection with "Serken Billing."

34. The balance of Account 2 as of the date of the filing of the Chapter 7 petition was $26,521.90.

35. Between June 28, 2004 and August 12, 2004, the Debtor made twenty (20) charges totaling $22,512.63 for luxury goods and services on Account 2.

36. The transactions referenced in paragraph 35 include three (3) charges at Paradise Sound for "Stage Equipment."

37. The Defendant made multiple, large charges on the same day.

38. Between November 26, 2004 and the date the petition was filed, finance charges, late fees and delinquency charges totaling $4,009.27 were posted to Account 2.

39. The terms and conditions of the account agreement for Account 2 between the Defendant and American Express call for payment in full of the charges due on Account 2 upon receipt of the monthly billing statements.

40. The Defendant made a payment in the amount of $9,157.61 which was applied to the previous balance due on Account 2.

41. After incurring the charges referenced in paragraph 35, the Defendant failed to remit a single payment towards these new charges.

42. When the Defendant made each charge to Account 2, he made a representation to American Express as to his intent to repay the debt in accordance with the terms and conditions of the account agreement.

43. The Defendant's Statement of Financial Affairs and schedules reflect insufficient income and assets from which he reasonably could have expected to repay American Express.

5

44. The Defendant obtained the luxury goods and services through representations which he either knew were false or which were made with such reckless disregard for the truth as to constitute willful representations.

45. The Defendant lacked the subjective intent to repay American Express.

46. The Defendant incurred the balance of Account 2 with the knowledge of his inability to repay the debt.

47. The Defendant made the false representations with the intention and purpose of deceiving American Express so that American Express would extend credit.

48. American Express justifiably relied on the Defendant's false representations. Prior to the account activity at issue on Account 2, he was a Cardmember in good standing based upon his previous payment history and compliance with all terms and conditions of the account agreement.

49. As the proximate result of extending credit based on the Defendant's false representations, American Express has sustained loss and damage in the amount of $26,521.90 on Account 2.

50. The Defendant incurred the balance of Account 2 through false pretenses, a false representation, or actual fraud.

51. For the foregoing reasons, the balance of Account 2, $26,521.90, is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

52. No dispute exists, or has ever existed, concerning the Defendant's liability for the amounts indicated to be due in Exhibits "A" and "B."

53. I have personal knowledge of the above facts and if called upon to testify could competently do so as to same.

Executed this 6 day of October, 2005, at New York, New York.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

By: _____
Louise Turner,
Attorney-In-Fact
American Express Travel Related
Service Company, Inc.

Sworn to and subscribed
before me this 6 day of
Oct, 2005.

_____
NOTARY PUBLIC

My Commission Expires:

ISMENIA RODRIGUEZ
NOTARY PUBLIC, State of New York
No. 01RO6093852
Qualified in Queens County
Commission Expires June 9, 2007